UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| KIMBALL RUSTIN ROY SCARR, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-02605-TWP-DML |
| | ) | |
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION, | ) | |
| LSF9 MORTGAGE HOLDINGS LLC, | ) | |
| LSF9MASTER PARTICIPATION TRUST d/b/a CALIBER HOME LOANS, INC., | ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) | |
| FEIWELL AND HANNOY PC, | ) | |
| BRYN REDMOND attorney, | ) | |
| LEANNE TITUS attorney, | ) | |
| BENJAMIN S. CARSON, SR. Secretary of the United States Department of Housing and Urban Development, | ) | |
| CAROL J. GALANTE Assistant Secretary for Housing, Federal Housing Commissioner, | ) | |
| JOHN W. LUCY Director of Asset Sales, HUD, | ) | |
| CALIBER HOME LOANS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff, Kimball Rustin Roy Scarr's ("Scarr"), Objections to the Magistrate Judge's Report and Recommendation (Filing No. 147, Filing No. 152). Scarr filed this action against multiple defendants alleging each fraud and violation of numerous statutes. The Defendants each filed Motions to Dismiss the Amended Complaint. Defendant Feiwell and Hannoy PC filed a Motion to Dismiss (Filing No. 77) pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6); Defendants Secretary of Housing and Urban Development filed a Motion to Dismiss (Filing No. 79); Defendants Mortgage Electronic

Registration Systems, Inc. and JP Morgan Chase Bank, N.A. filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6) (Filing No. 89), and Defendants Caliber Home Loans, Inc., LSF9 Mortgage Holdings LLC, LSF9 Master Participation Trust filed a Motion to Dismiss Plaintiff's New Amended Complaint (Filing No. 91). The Motions were referred to the Magistrate Judge for a Report and Recommendation (Filing No. 136). On January 25, 2018, the Magistrate Judge submitted her Report and Recommendation that each of the Motions to Dismiss be granted. In addition, the Magistrate Judge denied all pending non-dispositive motions (Filing No. 109, Filing No. 127, Filing No. 132, Filing No. 137 and Filing No. 138). Scarr filed a timely objection. For the reasons stated below, the Court **overrules** Scarr's Objections and **adopts** the Magistrate Judge's Report and Recommendation.

I. **BACKGROUND**

The following facts are accepted as true for purposes of the Motions to Dismiss and all reasonable inferences are drawn in a light most favorable to Scarr as the non-moving party. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Scarr raised no objections to the Magistrate Judge's detailed and thorough recitation of the facts, (Filing No. 137 at 1-6), therefore the facts will only be summarized in this Entry.

Scarr executed a mortgage on his home in Connersville, Fayette County, Indiana, with SurePoint Lending ("SurePoint") in 2008. The mortgage was later assigned to JPMorgan Chase Bank, N.A. ("Chase"). In June 2013, after making mortgage payments for almost five years, Scarr stopped making mortgage payments and Chase commenced a mortgage foreclosure action in Fayette County Superior Court against Scarr, which was assigned Cause No. 21D01-1312-MF-00873. Scarr challenged the validity of the promissory note and mortgage and the state trial court granted Chase a summary judgment award in the amount of $200,649.11 and ordered foreclosure

of the mortgage. Scarr challenged the grant of summary judgment and asserted Chase lacked standing to foreclose on the mortgage. The Indiana Court of Appeals affirmed the grant of summary judgment and denial of the motion to correct error. *See Scarr v. JPMorgan Chase Bank Nat. Ass'n*, 40 N.E.3d 531 (Ind. Ct. App. 2015) (unpublished), *trans. denied*, 49 N.E.3d 107 (Ind. 2016).

On March 9, 2017, Scarr filed the operative Amended Complaint in this case alleging in Count 1 that Defendants SurePoint and Chase engaged in fraud in originating a mortgage loan without a note and making inaccurate and incomplete disclosures, and engaged in a conspiracy to prevent Scarr's rescission of that loan. Count 2 alleges that in connection with the mortgage loan, Chase and LSF9 Mortgage Holdings, LLC violated the Truth in Lending Act, 15 U.S.C. §§ 1631–1651; Regulation X, 12 C.F.R. § 1024; and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, by withholding information about the assignment of the mortgage loan and withholding RESPA notifications. Count 3 alleges that SurePoint, Chase, LSF9 Mortgage Holdings and LSF9 Master Participation Trust, 2 and Caliber Home Loans, Inc. engaged in fraud and conspiracy to commit fraud to prevent rescission and obtain a judgment of foreclosure, obstruction of justice, and money laundering. Count 4 claims inadequate management and oversight by the United States Department of Housing and Urban Development ("HUD") of its Federal Housing Administration ("FHA") insurance programs. The complaint contains a fifth count alleging injuries to Scarr and his family, namely, the mortgage loan, the state court foreclosure action, the loss of FHA insurance protections, the personal judgment against Scarr in the foreclosure action, the order of a sheriff's sale of his home, and emotional distress.

In a thoughtful and detailed Order, the Magistrate Judge recommended that the Court grant each Defendant's motion to dismiss. To the extent the Amended Complaint challenged the state

3

court foreclosure judgment or sought rescission of Scarr's mortgage loan, the Magistrate Judge recommended dismissal of those claims without prejudice for lack of subject matter jurisdiction. To the extent that any of Scarr's claims are not barred by the *Rooker-Feldman doctrine[1]*, the Magistrate Judge recommended dismissal with prejudice for failure to state a claim based on claim preclusion or issue preclusion.

## II. **LEGAL STANDARD**

### A. **Objection to Dispositive Matters**

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B) (2012); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1) (2012); Fed. R.

---

[1] The *Rooker-Feldman* doctrine divests lower federal courts of "jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 227 (Oct. 2, 2017); s*ee D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–6 (1923).

Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61. Further, if a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, the party waives appellate review of the issues to which the party has not objected. *Johnson*, 170 F.3d at 739.

B. **Objection to Non-Dispositive Matters**

A district court may refer a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.

The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). The clear error standard is highly deferential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

### III. DISCUSSION

Because Scarr proceeds *pro se*, the Court liberally construes his Objections as well as his responses to the Motions to Dismiss. *See, e.g., Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001). Scarr filed an Interim Response and Objections on February 15, 2018 ([Filing No. 147](#)), and with leave of the Court, filed a second Objection to Report and Recommendation ([Filing No. 152](#)) on March 9, 2018, which incorporates much of the same language contained in the Interim filing. As an initial matter the Court notes that a majority of Scarr's Objections in both filings

contain re-argument of matters that were previously raised in his Responses to each of the motions to dismiss.

In a preamble to his Objection filed March 9, 2018, Scarr states "Absolutely this is not a Rooker Feldman Case, brought by a loser in Indiana State Courts disputing, attempting to invalidate, or modify in part or all a Certified by the Indiana State Supreme Court judgment." ([Filing No. 152 at 11](#).) He goes on to state the reason for his suit is "the defendants' frauds and collusions" which caused him to "enter by deceit into a loan by using an enticing come on loan offer" which deceived him "into applying for a loan with SurePoint as originator and Chase as Lender." *Id*. at 34. His specific Objections to the Report and Recommendation begin on page 45 of his second filing. Scarr's first objection is that "*Rooker Feldman*, Res Judicata and issue preclusion do not apply here." ([Filing No. 152 at 45](#) ¶ 131.) He also specifically objects to the Court's "only partial investigation into the breach of contract and foreclosure in Fayette County Indiana Superior and the Appellate Courts of Indiana as to determination of those Court's [sic] other than the judgment given…". ([Filing No. 152 at 46](#) ¶ 132.) In a summary fashion, Scarr concludes that he objects to each and every legal determination of the Magistrate Judge because the "opinions badly interrupt [sic] or misunderstand my case, claims and issues". (*See* [Filing No. 152 at 54](#) ¶ 158.)

**A.     MERS's and Chase's Motion to Dismiss**

With respect to MERS and Chase, the Magistrate Judge analyzed their Motion to Dismiss under Rules 8(a), 12(b)(1), 12(b)(6), and under the *Rooker-Feldman* doctrine, *res judicata*, and preclusion principles. The Court agrees with the Magistrate Judge's analysis that because the foreclosure judgment is the source of Scarr's alleged injuries, the *Rooker-Feldman doctrine* bars his claims to the extent he seeks to challenge the state court foreclosure judgment or seeks

rescission of his mortgage loan. Under Rule 12(b)(1), this Court lacks subject matter jurisdiction over Scarr's claims against these Defendants. *See, e.g.*, *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014) ("The *Rooker-Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court."); *Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 533–34 (7th Cir. 2004) (holding *Rooker-Feldman* barred mortgagor's federal claim seeking to have home returned based on creditors' alleged fraud effectively sought to vacate state court foreclosure judgment and claim for damages in amount of home's fair market value). In addition, the Magistrate Judge determined that even if some claims are not barred by *Rooker-Feldman*, they would be barred by *res judicata* (claim preclusion) or collateral estoppel (issue preclusion). ([Filing No. 142 at 13](#).) The case law and authority cited by the Magistrate Judge is directly on point, and the Court finds no error in this portion of the recommendation.

**B.     The HUD Defendants' Motion to Dismiss**

Benjamin S. Carson, Sr., the Secretary of HUD, John W. Lucey, the Director of Asset Sales, and HUD moved to dismiss the claims against them under Rule 12(b)(1) for lack of subject matter jurisdiction, arguing that all claims against them and all named HUD employees are barred by the *Rooker-Feldman* doctrine and because Scarr lacks standing to challenge the Secretary's actions. The Magistrate Judge agreed and found that Scarr has no private right of action to sue the Secretary under the National Housing Act and HUD regulations and that he lacks standing to contest the policies of these United States government agencies. The Magistrate Judge further determined correctly that the United States has sovereign immunity as to the claims against them and that immunity had not been waived. In his Objections, Scarr made no specific arguments regarding the HUD Defendants and assigned no specific errors to the Magistrate Judge's ruling

7

regarding these claims, and the Court finds no error. Accordingly, the Court finds no error in this portion of the Recommendation.

C. **Motion to Dismiss of LSF9/Caliber Defendants**

On April 10, 2017, Chase filed an Assignment of Judgment which conveyed and assigned all of its right, title and interest in the foreclosure judgment against Scarr to Defendants Master Participation Trust, LSF9 Mortgage Holdings, LLC, and Caliber Home Loans, Inc. (collectively the "LSF9/Caliber Defendants"). Scarr's claims against the LSF9/Caliber Defendants is premised on their failure to accept his purported rescission of the mortgage loan and the foreclosure judgment. ([Filing No. 64](Filing No. 64) at. ¶¶ 59–67, 70, 74.) The claims against the LSF9/Caliber Defendants invite the court to review and set aside the state court foreclosure judgment. Again, the Magistrate Judge determined that under *Rooker-Feldman*, the federal court lacks jurisdiction to grant Scarr his requested relief. After a careful review of the parties' briefing and the Magistrate Judge's recommendation, the Court finds that Scarr's claims are barred by *Rooker-Feldman* and should be dismissed for lack of jurisdiction. In addition, Scarr cites no authority in support of his contention that the Magistrate Judge erred in her analysis; accordingly, the Court finds no error in this portion of the Recommendation.

D. **The Feiwell Defendants' Motion to Dismiss**

Feiwell & Hannoy, P.C., Leanne S. Titus, and Bryan K. Redmond (the "Feiwell Defendants"), are the lawyers who represented Chase, the plaintiff in the state court foreclosure action against Scarr. They move to dismiss the Amended Complaint under Rules 8, 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Among other grounds, they assert that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The Magistrate Judge determined that *Rooker-Feldman* bars the claims against these Defendants to the extent Scarr seeks

to challenge the state court foreclosure judgment or seeks rescission of his mortgage loan. More importantly, any claims against the Feiwell Defendants must be denied because the Amended Complaint makes no allegations against these lawyers in any way. The Court agrees with the Magistrate Judge that even if the *Rooker-Feldman* doctrine did not apply, these claims must be dismissed pursuant to Federal Rule 12(b)(6) for failure to state a claim. Accordingly, the Court finds no error in this portion of the Recommendation.

E.     **Scarr's Objection to the Magistrate Judges Order on Related Motions**

In his Interim Objection (Filing No. 147 at 1) Scarr also objects to the Magistrate Judge's order dismissing all related motions (Filing No. 109, Filing No. 127, Filing No. 132, Filing No. 137 and Filing No. 138). However, the Court could find no specific objections to any of these rulings in Scarr's filings.

The Magistrate Judge denied Scarr's Motion to Amend Plaintiff's Response to Defendants' Motions to Dismiss and for 65 Page Response (Filing No. 127). The reason for the ruling was that "Scarr has not shown that an amended response brief could possibly make a difference in the outcome of the motions to dismiss or that 65 pages of briefing is necessary." (Filing No. 142 at 24.) The Magistrate Judge denied Scarr's two separate motions for a hearing on the motions to dismiss (Filing No. 109 and Filing No. 132), because resolution of the motions to dismiss is straightforward and oral argument is unnecessary. The Magistrate Judge denied Scarr's two motions seeking to file exhibits in support of the record and for consideration in deciding the motions to dismiss (Filing No. 137 and Filing No. 138), because none of the exhibits would affect the proper determination of the motions to dismiss. Fair and meaningful consideration was given to Scarr's motions in Filings No. 109, Filing No. 127, Filing No. 132, Filing No. 137 and Filing

No. 138; and he has demonstrated no error in the Magistrate Judge's order. Accordingly, the Court **overrules** Scarr's objections and appeal of the Order denying all pending non-dispositive motions.

## IV. CONCLUSION

The Court, having reviewed *de novo* the parties' arguments in the Motions to Dismiss, the Report and Recommendation's findings and authorities on each point, and Scarr's Objections thereto, concludes that the Magistrate Judge's analysis is correct and her holdings are sound. Fair and meaningful consideration was given to Scarr's objections and he has demonstrated no error in the Magistrate Judge's order. Therefore, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 142). Defendants' Motions to Dismiss (Filing No. 77, Filing No. 79, Filing No. 89 and Filing No. 91) are **GRANTED**. And, to the extent the Amended Complaint (Filing No. 64) seeks to challenge the state court foreclosure judgment or seeks rescission of Scarr's mortgage loan, those claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction, but to the extent any of the claims are not barred by *Rooker-Feldman*, those claims are **DISMISSED** with prejudice for failure to state a claim based on claim preclusion or issue preclusion.

In addition, the Court finds no errors in the Magistrate Judge's Order dismissing all pending non-dispositive motions (Filing No. 109, Filing No. 127, Filing No. 132, Filing No. 137, and Filing No. 138). The Court therefore **OVERRULES** the objections and Filing No. 109, Filing No. 127, Filing No. 132, Filing No. 137, and Filing No. 138 are **DISMISSED**.

**SO ORDERED.**

Date: 3/14/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kimball Rustin Roy Scarr
114 North 13th Street
Richmond, Indiana  47374-3215

Robert C. Folland
BARNES & THORNBURG LLP
rob.folland@btlaw.com

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Mark J. Magyar
DYKEMA GOSSETT PLLC
mmagyar@dykema.com

Rubin Pusha, III
BARNES & THORNBURG LLP (Indianapolis)
rubin.pusha@btlaw.com

Bryan Keith Redmond
FEIWELL & HANNOY, P.C.
bredmond@feiwellhannoy.com

Leanne S. Titus
FEIWELL & HANNOY P.C.
ltitus@feiwellhannoy.com